UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

THOMAS STONE,

          Plaintiff,

     v.

COUNTY OF LASSEN, et al.,

          Defendants.

No.  2:12-cv-01946-MCE-CMK

**ORDER**

Through the present action, Plaintiff Thomas Stone ("Plaintiff") seeks relief from Defendants County of Lassen, Jim Chapman, Robert Pyle and Jack Hanson ("Defendants") for alleged violations of state and federal law in connection with Plaintiff's employment with the County of Lassen.  Plaintiff alleges that Defendants are liable for: (1) violation of California Government Code § 8547 and Labor Code § 1102.5; (2) inducement of employment contract under false pretenses; (3) violation of the First Amendment right of association; (4) violation of the First Amendment right of freedom of religion; (5) slander; and (6) violation of the Fourteenth Amendment rights to due process and equal protection.

///

///

///

Presently before the Court is Defendants' Motion to Dismiss for improper venue, pursuant to Federal Rule of Civil Procedure 12(b)(3),[1] and for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6).  (ECF No. 10.)  Plaintiffs filed a timely reply.  (ECF No. 12.)

For the reasons set forth below, Defendants' Motion to Dismiss is GRANTED.[2]

## BACKGROUND[3]

Plaintiff was hired on December 6, 2010, to serve as the County Administrative Officer for Lassen County.  Plaintiff served in that position pursuant to an employment contract.  The employment contract includes a clause titled "Jurisdiction and Venue." That clause provides: "This Agreement shall be construed in accordance with the laws of the State of California, and the Parties agree that venue for any dispute arising from or related to this Agreement shall be in Lassen County, California."  (ECF No. 7-1 at 5.)

In January 2011, Plaintiff first raised the County's lack of a capital improvement plan that would affect the Economic Development Department.  In March 2011, Plaintiff initiated discussions regarding the incompetence of the Director of the Economic Development Department.  On April 12, 2011, Plaintiff was evaluated.  At that time, there was discussion by the County Supervisors that Plaintiff should be given a larger raise than had been contractually agreed upon.

On April 19, 2011, Plaintiff discussed the Local Reuse Authority ("LRA") portion of the Economic Development Department with the Supervisors.  In this conversation, Plaintiff stated that the LRA was not able to pay its bills as they became due.

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[2] Because oral argument was not of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. Local Rule 230(g).

[3] The following recitation of facts is taken, sometimes verbatim, from Plaintiff's Amended Complaint, unless otherwise noted.  (ECF No. 7. at 3-6.)  Plaintiff included, as an exhibit to his Amended Complaint, a copy of the "Employment Agreement Between Tom Stone and the County of Lassen."

1    On April 26, 2011, Plaintiff's work was again evaluated, this time in a closed session.

2    After the closed session evaluation, Plaintiff was directed to find a way to pay the LRA's

3    bills out of the County's General Fund.  On May 10, 2011, Plaintiff announced that an

4    auditor would review the Economic Development Department specifically regarding the

5    various grant programs funded by the State of California and the federal government.  At

6    that time, County Supervisor Hanson was the brother-in-law of the Director of the

7    Economic Development Department.  That Supervisor asked to attend the audit,

8    although he had never asked to attend any other audits.  Plaintiff also announced to the

9    Board of Supervisors that the Director of the Economic Development Department did not

10   file the requisite five- and seven-year LRA reports to the Department of the Army, and

11   again discussed the $70,000 from the General Fund required to cover the LRA's bills.

12          Plaintiff then conducted an investigation to determine why the LRA funds were

13   insufficient to pay the LRA's bills, and funding generally at the Office of Economic

14   Development was inadequate.  Plaintiff's investigation revealed that the Economic

15   Director had misused public funds for his own benefit.  Supervisor Hanson asked Plaintiff

16   not to reveal this information, but to instead say that the Economic Development Director

17   had done "a fine job and the shortfall was the result of the downturn in the economy."

18   (ECF No. 7 at 5.)  Plaintiff also made a report that over $250,000 of Federal Home

19   Funds had been unlawfully diverted for use in paying departmental expenses in the LRA.

20   Plaintiff expressed his opinion that the LRA had illegally used funds, and that a

21   reorganization of the Economic Development Department would result in a more

22   economic and efficient department and would stop the misuse of funds.  Plaintiff then

23   presented a proposed reorganization of the Economic Development Department which

24   would eliminate the Economic Development Director and would reassign the Air

25   Pollution Control Officer's position to the Agriculture commissioner.  On July 12, 2011,

26   the Supervisors discussed terminating Plaintiff while he was on vacation.  Plaintiff was

27   terminated from his position when he returned from vacation the next day.

28   ///

1   At that time, Plaintiff was also asked to refund medical benefits and the cost of a seminar

2   that he had attended.

3      At an unspecified point during Plaintiff's employment, Supervisor Chapman

4   referred to the previous City Manager as a "damn Mormon."  Plaintiff revealed that he

5   too was Mormon just before leaving on vacation and was "reprimanded" for being

6   Mormon.  Supervisor Chapman and others in the County government implied that

7   Plaintiff might not have been hired had Supervisor Chapman known that Plaintiff was

8   Mormon.

9      At another unspecified point during Plaintiff's employment, Supervisor Chapman

10   told Plaintiff that Plaintiff's wife was too politically active in the Tea Party movement, and

11   that this was not appropriate for the wife of the County Administrative Officer.  Plaintiff

12   was threatened and intimidated and told that he would not retain his position if his wife

13   was politically active with the Tea Party.  Plaintiff refused to curtail his wife's political

14   activism.

15

16                        **STANDARD**

17

18      Rule 12(b)(3) and 28 U.S.C. § 1406(a) authorize the Court to dismiss an action on

19   grounds that venue is improper.  A motion to dismiss under Rule 12(b)(3) is the proper

20   means to enforce a contractual forum-selection clause.  Argueta v. Banco Mexicano,

21   F.A., 87 F.3d 320, 324 (9th Cir. 1996).  Unlike a motion to dismiss for failure to state a

22   viable claim under Rule 12(b)(6), on a motion for improper venue under Rule 12(b)(3),

23   "the pleadings need not be accepted as true and the [C]ourt may consider supplemental

24   written materials and consider facts outside the pleadings" in its adjudication.  Kelly v.

25   Qualitest Pharm., Inc., No. CIV-F-06-116 AWI LJO, 2006 WL 2536627, at *7 (E.D. Cal.

26   Aug. 31, 2006) (citing Murphy v. Scheider Nat'l, Inc., 362 F.3d 1133, 1137 (9th Cir.

27   2004); Argueta, 87 F.3d at 324)).

28   ///

1    If the Court determines that venue is improper, it may dismiss the case, or, if the

2    interests of justice to require, the Court may transfer the case to any district in which it

3    properly could have been brought.  28 U.S.C. § 1406(a); <u>Dist. No. 1, Pac. Coast Dist.,</u>

4    <u>M.E.B.A. v. Alaska</u>, 682 F.2d 797, 799 (9th Cir. 1982).  The decision to transfer rests in

5    the Court's discretion.  28 U.S.C. § 1404(b); <u>King v. Russell</u>, 963 F.2d 1301, 1304 (9th

6    Cir. 1992).

7

8                                     **ANALYSIS**

9

10            Federal law governs the validity of a forum selection clause.  <u>Manetti-Farrow,</u>

11   <u>Inc .v. Gucci Am., Inc.</u>, 858 F.2d 509, 513 (9th Cir. 1988).  Under federal law, a forum

12   selection clause is prima facie valid and should be enforced unless enforcement is

13   shown to be "unreasonable" under the circumstances.  <u>The Bremen v. Zapata Off-Shore</u>

14   <u>Co.</u>, 407 U.S. 1, 10 (1972).  The Supreme Court has construed the "unreasonableness"

15   exception narrowly.  <u>Id.</u>  The party seeking to avoid a forum selection clause bears a

16   "heavy burden of proof" which can generally be overcome only by a showing that the

17   designated forum is so "gravely difficult and inconvenient that [the party] will for all

18   practical purposes be deprived of his day in court."  <u>Id.</u> at 18; <u>Carnival Cruise Lines,</u>

19   <u>Inc. v. Shute</u>, 499 U.S. 585, 592 (1991).  Absent such a showing, "there is no basis for

20   concluding that it would be unfair, unjust, or unreasonable" to enforce the forum

21   selection clause.  <u>The Bremen</u>, 407 U.S. at 18.

22            As set forth above, the forum selection clause in Plaintiff's employment

23   agreement provides: "Jurisdiction and Venue.  This Agreement shall be construed in

24   accordance with the laws of the State of California, and the Parties agree that venue for

25   any dispute arising from or related to this Agreement shall be in Lassen County,

26   California."  (ECF No. 7-1 at 5.)  Defendant argues that this clause requires that the case

27   be brought in California state court, in the Superior Court of Lassen County.

28   ///

                                          5

1    Plaintiff responds that venue is proper in Federal Court because Lassen County is in the
2    Eastern District's judicial district.

3         A forum selection clause stating that venue "shall be in" a particular county means
4    that venue lies in state court when there is no federal court that that particular county—
5    even though that county may be part of a judicial district whose courthouse lies
6    elsewhere.  See Yakin v. Tyler Hill Corp., 566 F.3d 72, 76 (2d Cir. 2009); PQ Labs,
7    Inc. v. Yang Qi, C 12-0450 CW, 2012 WL 2061527, at *12-13 (N.D. Cal. June 7, 2012);
8    cf. Siminoff v. Expedia, Inc., 643 F.3d 1202, 1206 (9th Cir. 2011).  In Yakin, the forum
9    selection clause at issue stated, "It is agreed that the venue and place of trial of any
10   dispute that may arise out of this Agreement . . . shall be Nassau County, New York."
11   566 F.3d at 76.  The Second Circuit held that "A reasonable person reviewing [this]
12   statement . . . would necessarily conclude that the parties intended that the litigation take
13   place in an appropriate venue in Nassau County and that this commitment was not
14   conditioned on the existence of a federal courthouse in that county."  Id.  Additionally,
15   the Second Circuit noted that "no reasonable reading of [this] clause permits the
16   interpretation that the parties had agreed to trial in Suffolk County or Brooklyn because
17   those courthouses were within the Eastern District of New York, which spans an area
18   including Nassau County."  Id.  Similarly, in PQ Labs, the Northern District interpreted a
19   forum selection clause providing: "In case of any dispute hereunder, the parties will
20   submit to the exclusive jurisdiction and venue of any court of competent jurisdiction
21   sitting in Santa Clara County, California, and will comply with all requirements necessary
22   to give such court jurisdiction over the parties and the controversy."  2012 WL 2061527,
23   at *11.  There, the Northern District held that because there is no federal court that sits
24   only in Santa Clara County, there was no federal court that could meet the forum
25   selection requirements.  Id. at *12.  Finally, in Siminoff, the Court noted that the word
26   "in," when used in a forum selection clause, "imposes a geographic limitation."  643 F.3d
27   at 1206.
28   ///

1    There, the Ninth Circuit interpreted the phrase "in the court in King County" to refer to

2    both federal and state courts located in King County, because "when a federal court sits

3    in a particular county, the district court is undoubtedly 'in' that county.'" Id.

4         In this case, the phrase "in Lassen County" limits the venue to courts sitting within

5    the geographic limitations of Lassen County.  No federal court sits in Lassen County,

6    California.  Only the Superior Court of the County of Lassen sits within the geographic

7    limitations of Lassen County.  Thus, although Lassen County is part of the Eastern

8    District's judicial district, see E.D. Cal. Local R. 120(d), the forum selection clause

9    contained in Plaintiff's employment contract provides that venue lies in state court.

10   Furthermore, there is no argument, or any indication to the Court, that enforcement is

11   "unreasonable" under the circumstances.  See The Bremen, 407 U.S. at 10.

12        Moreover, a federal court need not exercise subject matter jurisdiction over

13   federal question claims when there is a valid forum selection clause and the federal

14   courts do not have exclusive jurisdiction over the subject matter at issue.  See Dist. No.

15   1-Pac. Coast Dist., M.E.B.A. v. Trinidad Corp., 583 F. Supp. 262, 267-68 (S.D.N.Y.

16   1984).  "While the parties cannot divest a federal court of jurisdiction, the court can

17   decline to exercise its jurisdiction if the agreement [between the parties] is reasonable."

18   Nat'l Union Fire Ins. Co. v. Nettle, No. 86 Civ. 7479 (LLS), 1989 WL 39673, at *4

19   (S.D.N.Y. Apr. 17, 1989); see also Scotiabank de P.R. v. Residential Partners S.E.,

20   350 F. Supp. 2d 334, 339 (D.P.R. 2004) ("Even though a forum selection clause does

21   not necessarily oust a federal court's jurisdiction, if the clause is valid, the modern trend

22   has been to honor the parties' intentions and decline the exercise of federal

23   jurisdiction.").  Thus, to the extent that Plaintiff attempts to argue that his case must be

24   litigated in federal court because he presents federal claims, this argument fails.

25        Accordingly, the Court finds that the forum selection clause is valid, and that

26   venue is improper in this case.  Plaintiff has not borne his heavy burden of proving that

27   he would be deprived of his day in court if he is required to litigate his case in Superior

28   Court for the County of Lassen.

7

1

**CONCLUSION**

2

3          For the reasons just stated, the Court finds that the forum selection clause is

4   valid, and venue is improper in this case.  Accordingly, IT IS HEREBY ORDERED THAT:

5          1. Defendants' Motion to Dismiss for improper venue is GRANTED.

6          2. The case is dismissed for improper venue; and

7          3. The Clerk of the Court is directed to close the case.

8          IT IS SO ORDERED.

9   Dated:  January 22, 2013

10  _____

11                        MORRISON C. ENGLAND, JR., CHIEF JUDGE
                          UNITED STATES DISTRICT COURT
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28